Succession of Garriga et al., Petitioners, *v.* Sepúlveda,
District Judge, Respondent (Marrero, Intervenor).

Petition for a Writ of Certiorari to the District Court of
Ponce in an Action of Debt.

No. 202.—Decided December 18, 1917.

Appeal—Docketing Cause—Hearing—Issue of Fact.—Under section 3 of the
Act of March 11, 1908, district courts are required to place a cause on the
calendar which has been appealed from a municipal court and call it for trial,
and the court cannot render judgment for the plaintiff-appellee on motion by
him based on the fact that the default of the defendant-appellant had been
noted in the municipal court and that there was no issue of fact before the
court. The California practice of allowing only issues of fact to be reviewed
finds no countenance in the words of our law.

Id.—Demurrer—Answer.—When a demurrer is filed in the municipal court a de-
fendant-appellant has a right to move that it be disposed of ''when the appeal
is called for trial,'' and the court may give him further time to answer, imme-
diately or later, as best conforms to the spirit of the Code of Civil Procedure
and especially to section 36 thereof.

The facts are stated in the opinion.

*Messrs. Parra* and *Pérez Marchand* for the petitioner.

The respondent did not appear.

*Mr. Carlos Brunet* for the intervenor.

Mr. Justice Wolf delivered the opinion of the court.

The petitioners were sued in the Municipal Court of Juana
Díaz and demurred to the complaint. The demurrer was
overruled and the petitioners, as defendants, were given time
to plead. They did not plead within the time allowed and
the secretary of the municipal court noted their default. The
municipal court thereupon by reason of said default rendered
judgment against the petitioners. From this judgment the
petitioners appealed to the District Court of Ponce and the
cause was filed there on the 18th of April, 1917. On the 13th
of June, 1917, the complainant and then appellee came into
court and moved for judgment on the ground that the default
of the defendants had been noted in the municipal court; that
the defendants had done nothing to have the default set aside
and had not answered; that there was no issue of fact before

the district court, and that the appeal was for delay only. Thereupon, after a hearing, the District Court of Ponce, on July 26, 1917, rendered judgment for the complainant and respondent.

The Law of March 11, 1908, Laws 1908, p. 168, regulating appeals, after two sections determining the manner and filing of the appeal, provides in section 3 as follows:

"The district court shall place the cause on the calendar of civil actions to be heard in due course according to the provisions of law and judicial rules controlling such calendar. When the appeal is called for trial the court shall, on motion of the appellant, review and consider any preliminary orders, decisions or rulings by which he considers himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial unless the court shall have considered that the complaint or answer is subject to demurrer, in which event the court in its discretion may permit such complaint or answer to be amended. The action being finally at issue, the trial shall be held as a trial *de novo,* and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district courts. If the plaintiff fails to appear before the district court, the district court shall dismiss the action for want of prosecution and shall enter judgment for defendant with costs."

This section seems to us to be imperative. The respondent relies on the California practice, but the law there, so far as we know, does not read like our own. The district court is required to place the cause on the calendar and then the appeal (*sic*) is called for trial. We find in the law something like an assumption that the defendant may have answered, but in any event the court is required to call the appeal. Now, if at the call of that appeal there is no answer, the court may perhaps give the defendant further time to answer at the time or otherwise as best conforms to the spirit of the Code of Civil Procedure and section 36 thereof. In this case however there was a demurrer filed in the municipal court and under the actual words of the law the defendants and appellants had a right to move that the said de-

murrer be disposed of "when the appeal is called for trial." The respondent insists that there was no issue of fact, but there was an issue of law. If the petitioners in the municipal court were satisfied that their demurrer was sound, perhaps the most rapid way of bringing the question to an issue in the district court was to take the course they did. The California practice of allowing only issues of fact to be reviewed finds no countenance in the words of our law. In all cases, we think, the appeal must be called and at that call the court may decide what further steps are necessary.

The judgment of July 26, 1917, must be annulled and the appeal should be put on the calendar as required by law.

*Petition granted.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.